IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LIBERTARIAN NATIONAL COMMITTEE, INC., | ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:16-CV-0121-BAH |
| Plaintiff, | | |
| v. | | |
| FEDERAL ELECTION COMMISSION, | | |
| Defendant. | | |

NOTICE OF SUPPLEMENTAL AUTHORITY

The en banc D.C. Circuit has decided *Holmes* v. *FEC*, No. 16-5194, __ F.3d __, 2017 U.S. App. LEXIS 23954, 2017 WL 5707609 (D.C. Cir. Nov. 28, 2017) (en banc).

*Holmes* supports the LNC's construction of 52 U.S.C. § 30116(a)(1)(B) as imposing an annual contribution limit of $339,000 to party political committees.

Notwithstanding its grudging admission that individuals may contribute a maximum of $339,000 to the LNC in a calendar year, *see* Exh. C., Dkt. 24-5, Request for Admission 26 ("The FEC admits that if an individual contributed the maximum to each of these four accounts . . . the individual's contribution would total $339,000"), the FEC still suggested that there are, in fact, multiple annual contribution limits, *see, e.g.*, FEC Reply, Dkt. 29, at 2 ("the segregated account limits are . . . limits on the amount that a person may contribute to the national committee of a political party").

The *Holmes* plaintiffs argued that the separate primary and general election limits on contributions to candidates should be viewed as comprising an "overall" annual limit, and that the

1

"bifurcation" of this limit into a per-election cycle limit is "artificial." *Holmes*, 2017 U.S. App. LEXIS 23954 at \*12-\*13. The D.C. Circuit disagreed. Congress could have chosen an annual contribution limit, but it was free to choose an election-cycle limit. *Id.* at \*14.

"A contribution limit necessarily contains two essential ingredients: (i) a monetary cap, and (ii) a time period." *Id.* at \*18. "Congress could impose an annual ceiling, as it did with FECA's base limits on contributions to political committees." *Id.* at \*19 (citations omitted). The D.C. Circuit referred to "base" limits as "[t]hose limits on a person's contributions to a particular candidate or political committee," as distinct from the "aggregate" limits struck down in *McCutcheon* v. *FEC*, 134 S. Ct. 1434 (2014). *Holmes*, 2017 U.S. App. LEXIS 23954, at \*4. "[T]he base limits on contributions to political committees operate on an annual basis." *Id.* (citation omitted).

The *Holmes* court had before it the current version of FECA. The only "annual ceiling" it could have referred to in this context, constituting the "limits on a person's contributions to a particular . . . political committee," is $339,000. After all, that is the sum total of the money that a person may give a particular committee in the course of the same, defined time period (one calendar year).

The FEC offered that "segregation is necessary to ensure that national party committees actually spend the money on the categories of expenses identified in 52 U.S.C. § 30116(a)(9)," FEC Reply, Dkt. 29, at 8, but *Holmes* does not mention this, or any other, third "essential ingredient" in its understanding of what makes a contribution limit. To the extent that there exists a "third ingredient," directing that some funds raised under the contribution limit must flow into particular segregated accounts to be spent in particular ways, that additional ingredient serves only to impose an expenditure limit—and, as LNC has shown, one that is content-based.

For the same reason, *Holmes* answers the FEC's claim that anti-circumvention provisions somehow disprove the fact that the segregated account structure imposes content-based restrictions. *E.g.*, FEC Reply, Dkt. 29, at 8. These are essentially rules designed to preserve the "first ingredient:" a "monetary cap," *Holmes*, at *18, on donations to a particular federal candidate or national committee. They control what moneys flow into the federal system, not how candidates or parties express themselves within it.

Dated: December 11, 2017                    Respectfully submitted,

                                              Alan Gura (D.C. Bar No. 453449)
                                              Gura PLLC
                                              916 Prince Street, Suite 107
                                              Alexandria, VA 22314
                                              703.835.9085/Fax 703.997.7665

                                     By:  /s/ Alan Gura
                                              Alan Gura